Battle, J.
 

 There can be no doubt that it was the duty of the plaintiffs, by virtue of the power conferred upon them by the will of their testator, to take possession of the slave in question, after the death of the tenant for life, and sell him for the purpose declared in the will;
 
 Allen
 
 v.
 
 Watson, 1
 
 Murph. Rep. 189 ;
 
 Dunwoodie
 
 v.
 
 Carrington,
 
 2 Car. Law Repos. 469. The objection, that one of the executors could not alone make sale of the slaves, does not arise. It does not appear that a bill of sale was executed ; but on the contrary, it is to be inferred from the statement in the bill of exceptions, that the sale was made by a delivery of the slave without any deed. • This being so, it matters not whether the contract for the slave was agreed upon, and the actual delivery made, by one or by" both the executors, for if effected by one only, the bringing of the suit for the price by both, shows a concurrence by both, and that, in legal effect, it was a sale by both.
 

 The testimony offered by the defendant, to show that the slave was, at the time of the sale, unsound and utterly worth
 
 *155
 
 less, was properly ruled out, because it was irrelevant and and could not have had any proper effect upon the issue. The defendant received the slave, and if he were unsound and worthless, the defendant must sue upon a warranty or for a deceit, if he can prove facts sufficient to sustain an action in either form. The case of
 
 McEntire
 
 v. McEntire, 12 Ire. Rep. 299, is directly in point against the defense now attempted to be set up.
 

 Pee Cueiam, Judgment affirmed.